RECEIVED
USDC. CLERK. CHARLESTON. SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

2009 FEB 18 A 10: 29

Debbie Raymond,            )    C. A. No. 2:08-0974-SB-RSC
                           )
            Plaintiff,     )
                           )
       -versus-            )    **REPORT AND RECOMMENDATION**
                           )
Michael J. Astrue,         )
Commissioner of Social     )
Security,                  )
                           )
            Defendant.     )

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff, Debbie Raymond, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits under Title II of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff filed an application for disability insurance benefits on July 14, 2005, alleging that she became disabled on January 10, 2002, due to an ankle injury. The application was denied initially and on reconsideration by the Social Security Administration. The plaintiff filed a request for a hearing on March 28, 2006. The administrative law judge before whom the plaintiff appeared with counsel (Tr. 227-245), considered the case de novo, and on July 28, 2007, found that the plaintiff was

not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 12-20). The plaintiff submitted additional evidence to the Appeals Council which the Appeals Council reviewed. The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on January 31, 2008.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2007.
>
> 2. The claimant has not engaged in substantial gainful activity since December 31, 2002, the amended alleged onset date (20 CFR 404.1520(b) and 404.1571 et seq.). ...
>
> 3. The claimant has the following severe impairments: arthritis and status post left subtalar fusion and revision. ...
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). ...
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform essentially the full range of light[1] work, with no climbing. ...
>
> 6. The claimant is unable to perform any part relevant work (20 CFR 404.1565). ...

---

[1] Light work activity involves lifting and carrying up to 20 pounds occasionally and 10 pounds frequently with walking, standing, and sitting for 6 hours in an 8-hour day.

> 7. The claimant was born on September 26, 1953, and was 49 years old, which is defined as a younger individual, on the amended alleged disability onset date. The claimant is currently 53 years old, which is defined as an individual closely approaching advanced age. (20 CFR 404.1563).
>
> 8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).
>
> 9. Transferability to job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant ahs (sic) transferable job skills. (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR 404.1560(c), 404.1566 and 404.1568(d)). ...
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2002 through the date of this decision (20 CFR 404.1520(g)).

Tr. 14-20.

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can expected to result in death or which has lasted or can be

>     expected to last for at least 12 continuous months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions.  An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work.  20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied.  Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial evidence.  See Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)).  The phrase "substantial evidence" is defined as evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there

is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

In short the only issue before the Court is whether the final decision of the Commissioner is supported by substantial evidence and proper legal standards have been applied.

## ISSUES PRESENTED

By brief, the plaintiff presented the following issues:

> 1. Did the administrative law judge err in failing to afford great weight to Plaintiff's testimony regarding intensity and degree of pain?
>
> 2. Did the administrative law judge err in failing to obtain expert vocational testimony?

## DISCUSSION

At oral argument before the undersigned on January 22, 2009, it became evident that the Commissioner's decision was not supported by substantial evidence and proper legal principles were not applied, and that therefore the matter should be reversed and remanded to the Commissioner for multiple reasons.

The administrative law judge found that the plaintiff could perform "essentially the full range of light work with no climbing," and applied the Medical-Vocational Guidelines (the grids) to find that the plaintiff was not entitled to benefits. In doing so the administrative law judge rejected the opinion of the plaintiff's treating orthopedic surgeon, Dr. Robert Lowery, who performed two ankle fusion surgeries on her left ankle which the plaintiff fractured in a work related accident. Dr. Lowery provided extensive records to the Commissioner. He performed an ankle fusion surgery on the plaintiff in January 2002, but the

bones did not properly fuse. He performed a repeat ankle fusion surgery in July 2002.

In October 2002, Dr. Lowery indicated, "She is capable of doing a sit down job at work." (Tr. 128) In December 2002, Dr. Lowery wrote, "I do believe she will be able to walk two hours a day for a month and then go four hours a day and then six hours a day and then hopefully eight hours a day." (Tr. 127). However, after his February 2003 examination and x-rays, Dr. Lowery indicated that the plaintiff was having pain related to her surgeries and that he thought that she could work standing only two hours in an eight hour day. (Tr. 126). Dr. Lowery took x-rays and examined the plaintiff on May 7, 2003, at which time he declared that the plaintiff had reached maximum medical improvement. He found swelling in her ankle and tenderness in the midfoot joint. He indicated that she was status post subtaler fusion with peritaler arthritis related to the two fusions. Importantly he wrote that she had a permanent restriction of not standing over two hours in an eight hour day. (Tr. 125).

While the Commissioner is not bound by the opinion of a claimant's treating physician such as Dr. Lowery, that opinion is entitled to great weight for it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Therefore, it may be disregarded only if there is persuasive contradictory evidence. <u>Mitchell v. Schweiker</u>, 699 F.2d 185, 187 (4th Cir. 1983).

6

The administrative law judge rejected Dr. Lowery's opinion. "Although his examination did reveal sone other issues, I am not persuaded his limitation regarding the claimant's standing is currently accurate, noting it was issued almost 4 years ago and less than one year from her second surgery." (Tr. 19). The administrative law judge did not contact Dr. Lowery or otherwise develop the record to obtain more current opinions.

The administrative law judge has an independent duty to develop fully and fairly the record so that he may make an informed decision about the plaintiff's eligibility for benefits. See, Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir. 1986); see also, Fitz v. Astrue, 2008 WL 2514070, at 3 (W.D.Va. June 19, 2008). Although the plaintiff bears the burden of proving that she is disabled, the administrative law judge may not rely only on the evidence submitted by the plaintiff when the plaintiff's evidence is inadequate. Cook, 783 F.2d at 1173. As the Fourth Circuit stated, the administrative law judge's "failure to ask further questions and to demand the production of further evidence, as permitted by 20 C.F.R. § 404.944, amounted to neglect" of the administrative law judge's duty to develop the evidence. Id. at 1173-74.

Similarly, where a plaintiff's record does not contain the objective evidence necessary for an adjudicator to render an informed decision, the Social Security Administration must use a consultative examination to obtain the necessary medical evidence. Vocke v. Astrue, 2008 WL 320301 (W.D. Va. 2008) (relying on 20 C.F.R. §§ 404.1519(a) (2007)). Here, the

7

administrative law judge rejected the treating physician's opinion without more, the administrative law judge's opinion is subject to reversal on this error alone.

After rejecting Dr. Lowery's opinion, the administrative law judge relied on Disability Determination Service non-examining medical consultants to support his RFC for essentially a full range of light work. Those consultants, Drs. Smolka and Weston, indicated that they did not review any treating or examining source statements, so that they did not have the benefit of Dr. Lowery's records or the records of Plaintiff's treating family doctor, Dr. Curtis D. Stokes. (Tr. 207, 217). Without Plaintiff's treating physicians' statements the consultants found that the plaintiff could perform light work. However, they also found that the plaintiff could only occasionally balance, stoop, kneel, crouch or crawl. Further, the consultants both found that the plaintiff had only limited ability to push and pull with her lower extremities. The administrative law judge relied on the exertional RFC for light work and rejected the consultants' additional limitations to the light work by simply writing that they were "unsupported objectively." (Tr. 19).

In making his determination that the plaintiff could perform "essentially the full range of light work" the administrative law judge indicated by footnote that, "Light work activity involves lifting and carrying up to 20 pounds occasionally and 10 pounds frequently with walking, standing, and sitting for 6 hours in an 8-hour day." (Tr. 15). This is not an accurate definition of light work.

8

The Code of Federal Regulations defines light work as,

> Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

"Occasionally" refers to up to one-third of an 8-hour work day and would generally total no more than about 2 hours of an 8-hour workday and "frequently" refers to up to two-thirds of an 8-hour work day and would generally total about 6 hours of an 8-hour workday. SSR 96-9p. "A good deal of walking or standing" is more than "occasional" and thus beyond the plaintiff's capability as described by every physician.

The administrative law judge next found that the plaintiff could not perform her past relevant work and applied[2] the grids to find that Plaintiff was not disabled.

An appeal of the denial of benefits was made to the Appeals Council and the Plaintiff's attorney submitted a letter from Dr.

---

[2] Inexplicably, the administrative law judge found both that transferabilty of job skills "is not material" to the determination of disability (Finding 9) and that the "claimant has acquired work skills from past relevant work that are transferrable to other occupations with jobs existing in significant numbers in the national economy" (Finding 10). (Tr. 20).

9

Stokes, Plaintiff's treating family practice doctor, dated March 6, 2007, along with his records for the previous two years. (Tr. 219-226). He wrote that "in his medical opinion," the plaintiff was disabled due to severe arthritis in her left ankle following a fracture, that there were no more surgical options open to her, and that bracing and splinting had not relieved her discomfort. Further, she had to keep her leg elevated for a significant period of the day for pain relief, and was having significant pain in her right leg due to changes in her gait due to left ankle pain. As a result, Dr. stokes found that her walking and standing are "severely limited." (Tr. 226).

Although the Appeals Council acknowledged the existence of the additional evidence, its notice merely states that the Appeals Council has, "considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 4). This case should be remanded because the appeals council failed to remand the matter to the administrative law judge to consider the new evidence or to discuss the new material evidence from Plaintiff's treating physician itself.

In order for new evidence submitted at the Appeals Council level of review to be probative at all, it must meet three requirements. It must be new, material, and relate to the period on or before the date of the administrative law judge's decision. <u>Wilkins v. Secretary</u>, 953 F.2d 93, 95-96 (4th Cir. 1991).

Courts agree that the Code of Federal Regulations does not require the Appeals Council to set forth a detailed assessment of new evidence submitted to it in cases in which it denies review. However, the Fourth Circuit Court of Appeals has held that the Commissioner must indicate that all relevant evidence has been weighed and its weight. When neither an administrative law judge nor the Appeals Council indicate the weight accorded new evidence, a remand is proper. Stawls v. Calafano, 596 F.2d 1209, 1213 (4th Cir. 1979).

In short, if the Appeals Council ostensibly considers new, "interim" evidence in denying review of a claim, it is incumbent on the Appeals Council to give some reasons for finding that the "interim" evidence does not justify further administrative action. See, e.g., Andrews v. Astrue, 2008 WL 4790340 (W.D.Va. 2008); Smart v. Barnhart, 2004 WL 2898152 (D.S.C. 2004); Harmon v. Apfel, 103 F.Supp.2d 869 (D.S.C. 2000); Barden v. Apfel, No. 5:98-2637-18BD, slip op. (D.S.C. Oct. 4, 1999); Sumpter v. Apfel, 1999 U.S. Dist. LEXIS 21981, No. 5:97-2806-18JI, slip op. (D.S.C. Sept. 28, 1999); Alexander v. Apfel, 14 F.Supp.2d 839, 843 (W.D.Va. 1998).

Here, Dr. Stokes' letter is new as it was written after the administrative law judge's decision. It is material to the question of the Plaintiff's ability to perform substantial gainful activity. It relates to a period prior to the administrative law judge's decision as the worsening arthritis resulted from Plaintiff's surgeries in 2002. Therefore it is

probative evidence. <u>Wilkins v. Secretary</u>, 953 F.2d 93, 95-96 (4th Cir. 1991).

As a result, the Appeals Council should have either added its reasoning for rejecting Dr. Stokes' findings and opinion or remanded the matter to the administrative law judge for consideration. Without a reasoned decision on the new evidence and a continuation of the sequential evaluation process if necessary, it cannot be said that substantial evidence supports the Commissioner's decision.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), the Commissioner's decision be reversed, under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and the case be remanded to the Commissioner for consideration of the new evidence, a proper determination of the plaintiff's residual functional capacity, and continuation of the sequential evaluation process if necessary. <u>See</u>, <u>Melkonyan v. Sullivan</u>, 111 S.Ct. 2157 (1991).

Respectfully submitted,

*/s/ Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
February 18, 2009